

# THE ATTORNEY GENERAL

## OF TEXAS

Gerald C. Mann

AUSTIN 11, TEXAS

~~XXXXXXXXXXXXXXX~~
ATTORNEY GENERAL

Hon. L. A. Woods
State Superintendent of
Public Instruction
Austin, Texas

Opinion No. O-5413
Re: Whether elementary tuition
may be paid under current rural
aid bill (Acts 1941, 47th Leg.,
R.S., Ch. 549, H.B. 284, p. 880).

Dear Sir:

We have before us your letter of June 17, 1943, which
we quote in part as follows:

"There are several situations in Texas in which
the districts request the county board to classify
the school to teach no grades or to teach part of
the elementary grades and arrange for some other
school to teach their children whose grades they
do not offer. The current Equilization Aid Law
does not make specific provision for tuition on
elementary students who are not contracted as pro-
vided in Article 8. In order to try to take care
of the situation, I am acting under authority of
Article 2657, Acts of the 29th Legislature, and am
interpreting the law to mean that we would be au-
thorized to pay the cost of instruction on any
child living in a district eligible to receive aid
whose grade is not taught in his district. You
will note also that Article 2678a, Acts of the 44th
Legislature, authorizes county boards to classify
schools in accordance with the regulations of the
State Superintendent of Public Instruction and that
such regulations and classifications shall be made
for promoting the efficiency of the elementary
schools and establishing high schools at convenient
and suitable places. My regulations for the past
several years have been that a one-teacher school
should not teach more than six grades, that a two-
teacher school should not teach more than eight
grades, that a three-teacher or four-teacher school
should not teach more than nine grades, and that a
five-teacher school should not teach more than ten
grades in a twelve-grade system. You will note that
Article 2678a provides in part that

"'if said student, after having completed the
course of study offered in his home district is not

prepared to enter a <u>high school</u> recognized by
either the county or the State, the superin-
tendent of the school district which maintains
the high school he desires to attend shall
place said student in the <u>proper grade, and said</u>
<u>district shall be entitled to receive tuition</u>
<u>for said student in the same manner as if said</u>
<u>student should attend the high school of said dis-</u>
<u>trict</u>.'

"As you know, the general law requires that
trustees either provide a school for all the chil-
dren who live in their district or pay the cost of
teaching them to the school that does teach them.
I am holding that aid is based on the eligibility
of the district of residence and not on the basis
of the type of district to which the resident
pupil may elect to attend if his grade is not
taught in his home district.  To hold otherwise
would involve discrimination.  I also feel that
this general law does not conflict with the Equali-
zation Law and that both should be followed in re-
gard to the distribution of rural-aid funds and
would like to have your opinion as to whether my
interpretation can be followed without violation of
the statutes."

You have informed us that it is contemplated that
salary aid moneys will be used to pay the elementary tuition,
mentioned in your letter, under the provisions of Article VIII
of the current rural aid bill.

The bill provides for the payment of high school tui-
tion in Article IV of the bill.  Article IV reads in part as
follows:

"Section 1.  It is hereby expressly provided
that a sufficient amount of funds allocated by
this Act shall be used for the payment of high
school tuition not to exceed Seven Dollars and
Fifty Cents ($7.50) per pupil per month, and in
no instance shall more than five (5) months tui-
tion be paid for any one pupil on the census roll
for any one school year.  High school tuition
shall be paid according to the provisions of House
Bill No. 158, General Laws, Regular Session, Forty-
fourth Legislature, as amended, and subject to the
limitations and restrictions provided in this Act."

It is obvious that Article IV does not authorize the
payment of elementary tuition, for it speaks only of high

school tuition and states that the same shall be paid according to the terms of House Bill No. 158, General Laws, Acts 44th Legislature. House Bill No. 158 (Article 2922L (1), Vernon's Annotated Civil Statutes). House Bill No. 158, in providing for the payment of tuition deals exclusively with high school tuition and the payment thereof for high school students whose grade is not taught in their home district. It is thus manifest that Article IV could in no way authorize the use of rural aid funds for the payment of elementary tuition.

You state in your letter that the "current Equalization Aid Law does not make specific provision for tuition on elementary students who are not contracted as provided in Article 8." Article VIII reads as follows:

"Section 1. For the school year 1941-42, upon the agreement of the Board of Trustees of the districts concerned on on petition signed by a majority of the qualified voters of the district and subject to the approval of the County Superintendent, State Superintendent, and Joint Legislative Advisory Committee, the trustees of a district which may be unable to maintain a satisfactory school _may transfer its entire scholastic enrollment, or any number of grades thereof_, to a convenient school of higher rank, and in such event, all of the funds of the district, including the State Aid to which the district would otherwise be entitled under the provisions of this Act, or such proportionate part thereof as may be necessary shall be used in carrying out said agreement; provided that no aid shall be allowed for teachers that are not actually employed in the contracting schools.

"Section 2. For the school years thereafter, upon the agreement of the Board of Trustees of the districts concerned or on petition signed by a majority of the qualified voters of the district and subject to the approval of the county superintendent, and the State Superintendent, a district which may be unable to maintain a satisfactory school _may transfer its entire scholastic enrollment_ for one year to an accredited school of higher rank. If the receiving school receives State Aid, the scholastic census rolls both white and colored shall be combined, the per capita apportionment shall be paid direct to the receiving school, all local taxes of the sending contracting district, except those going to the interest and sinking fund shall be credited to the receiving

school by the Tax Collector as collected, and the teacher-pupil quota shall be based on the combined census total. If the receiving school is not a State Aid school, the scholastic census rolls both white and colored shall be combined, the per capita apportionment shall be paid direct to the receiving school, all local taxes of the sending contracting district except those going to the interest and sinking fund shall be credited to the receiving school by the Tax Collector as collected, and the sending contracting district will be eligible for as much Salary Aid as is necessary to supplement the State Available and Local Maintenance Funds, on the scholastics from the sending district attending a school in the receiving district, to cover the approved cost of instruction per scholastic in the receiving school, provided that such approved cost shall not exceed Seven Dollars and Fifty Cents ($7.50) per month for high school students or Five Dollars ($5.00) per month for elementary students." (Emphasis supplied).

Section 1 of Article VIII applied by its terms only to the school year 1941-42. Section 2 applies to the current school year. You will notice that Section 1 authorized the transfer of the entire scholastic enrollment, or any number of grades thereof. Section 2 authorizes only the transfer of the entire scholastic enrollment. The exclusion of the phrase "or any number of grades thereof" from Section 2 is obviously clear that the same is not authorized by Section 2. In other words, only the transfer of the entire scholastic enrollment may be effected under the terms of Section 2.

The transfers about which you inquire do not, therefore, come within the provisions of Section 2 of Article 8, for the elementary students mentioned in your letter are not contracted under the provisions thereof.

You cite in your letter Article 2678a, Vernon's Annotated Civil Statutes. It is our opinion that this statute has no effect on the question of elementary tuition payment under consideration, for Article IV deals with high school tuition and expressly states that the same shall be paid under the terms of House Bill 158 (Article 2922L(1) ), supra, and Section 2 of Article VIII is concerned with the transfer of the entire scholastic enrollment, which is not the case here.

It is elementary that moneys appropriated for one purpose may not be used for another purpose and that the conditions

of an appropriation bill must be met before moneys can be paid out thereunder. It is fundamental that no money may be drawn from the Treasury but in pursuance of a specific appropriation made by law. Article VIII, Section 6, Constitution of Texas.

You are, therefore, advised that the payment of elementary tuition, as outlined in your letter, is not authorized either by Article IV, Article VIII, or any other provision of the rural aid act; consequently, rural aid moneys cannot be expended therefor.

We are not unmindful of the force of the arguments advanced by members of your department and other educators as to the desirability and need for such payment. However, the power to pass statutes and make appropriations of public moneys is lodged in the Legislature, not in the Attorney General or the State Superintendent, and such arguments present considerations of policy the determination of which is the prerogative of the Legislature, and not of this department.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By /s/ George W. Sparks
George W. Sparks, Assistant

APPROVED JUL 13, 1943
/s/ Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

APPROVED: OPINION COMMITTEE
BY:       BWB, CHAIRMAN

GWS-s:wb